**UNITED STATES DISTRICT COURT**
**SOUTHERN DISRICT OF NEW YORK**
------------------------------------------------------------------------x   Case No.: 1:18-cv-10657 (VEC)
ORLANDO GARCIA GIL, GUSTAVO
MARTINEZ

                                Plaintiffs,

        -against-

DANNY BENSUSAN, STEVEN BENSUSAN,
GREENWICH VILLAGE ENTERTAINMENT
GROUP LLC,

                              Defendants.
------------------------------------------------------------------------x


### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY THE ACTION

 

Respectfully Submitted,

_____
Brett M. Schatz Esq.
Law Office of Brett M. Schatz, P.C.
1345 Avenue of Americas
Second Floor
New York, NY 10105
Tel: (212) 631-7463
Fax: (646) 786-3325
Email: bschatz@bmsfirm.com
*Attorney for Plaintiffs*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................1

STATEMENT OF FACTS .......................................................................................1

ARGUMENT .............................................................................................................3

    I.    THERE IS NO VALID AGREEMENT BETWEEN PLAINTIFFS AND DEFENDANTS TO ARBITRATE EMPLOYMENT CLAIMS................................................................3

    II.    PLAINTIFFS DID NOT SIGN AN ARBITRATION AGREEMENT, NOR DID THEY ASSENT TO AN UNSIGNED ARBITRATION AGREEMENT......................................................5

    III.    THE DEFENDANTS FAILED TO PROFFER A VALID ARBITRATION AGREEMENT AND DO NOT MEET THEIR BURDEN IN PROVING SUCH AN AGREEMENT EXISTS BY PROVIDING A SAMPLE ARBITRATION AGREEMENT ...............................................................................7

CONCLUSION.........................................................................................................8

**TABLE OF AUTHORITIES**

*Augstein v. Leslie*, 2012 WL 4928914 (S.D.N.Y. 2012) ......................................... 4

*Crawford v. Merill Lynch, Pierce, Fenner & Smith, Inc.*,
    35 N.Y. 2d 291 (1974) ........................................................................... 5-7

*Dreyfuss v. eTelecare Global Sols.-US, Inc.*,
    2008 WL 4974864 (S.D.N.Y. 2008) ....................................................... 7, 8

*Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840 (2d Cir. 1987) ......................... 5

*Gonzalez v. Toscorp Inc.*, 1999 WL 595632 (S.D.N.Y. 1999) ............................... 5

*Leonard v. Pepsico, Inc.*, 88 F. Supp. 2d 116 (S.D.N.Y. 1999) ............................. 4

*Manigault v. Macy's East, LLC*, 2009 WL 765006 (2d Cir.2009) ................. 3, 5, 6

*Register.Com, Inc. v. Verio, Inc.*, 356 F.3d 393 (2d Cir. 2004) ......................... 3, 4

*Sarhank Group v. Oracle Corp*, 404 F3d 657 (2d Cir. 2005) ............................ 5, 6

*Scheinmann v. Dykstra*, 2017 WL 1422972 (S.D.N.Y. 2017) ............................ 4-6

*Thales Alenia Space Fr. v Thermo Funding Co*,
    2014 WL 3887711 (S.D.N.Y 2014) ............................................................ 4

*Valsana, S.A. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    1987 WL 6908 (S.D.N.Y. 1987) .................................................................. 7

*Winston v. Mediafare Entm't Corp.*, 777 F.2d 78 (2d Cir. 1985) ...................... 7, 8

**PRELIMINARY STATEMENT**

Defendants in this action seek to compel Plaintiffs Gustavo Martinez and Orlando Garcia Gil to arbitrate their employment disputes. However, no valid agreement between Plaintiffs and Defendants to arbitrate employment disputes exists. Plaintiff Martinez never signed an arbitration agreement, nor was he ever presented with or given a copy of an arbitration agreement. Plaintiff Gil did sign two documents, but the material terms of the alleged arbitration agreement were absent from the signed documents.

Defendants have failed to meet their burden of proving the existence of an agreement to arbitrate as they have not presented the actual agreement allegedly signed by the Plaintiffs but rather a separate document whose page numbers do not correspond to the two pages signed by Plaintiff Gil.

As a result, Plaintiffs respectfully request that the Court deny the Defendants' motion to compel arbitration and stay the action.

**STATEMENT OF FACTS**

Plaintiffs Gustavo Martinez and Orlando Garcia Gil were formerly employed at the Highline Ballroom, a concert and club venue located at 431 W. 16th St, New York, NY 10011. Martinez Aff. ¶ 2-3; Gil Aff. ¶ 2-3. Both Plaintiffs were hired on or about January of 2008, and were terminated on July 15, 2018. Martinez Aff. ¶ 2; Gil Aff. ¶ 2. The Highline Ballroom was owned and operated by Greenwich Village Entertainment LLC, Danny Bensusan, and Steven Bensusan. Martinez Aff. ¶ 2; Gil Aff. ¶ 2. Plaintiffs Martinez and Gil were employed as porters and janitors, worked approximately 53 hours per week, and were paid straight time for all overtime hours worked. Martinez Aff. ¶ 4; Gil Aff. ¶ 4. Neither Plaintiff was a member of a union, and both were treated differently than other employees of the Highline Ballroom in that

1

they were paid in cash, their hours were not recorded, they were never presented with wage statements or wage notices, and they did not have contact with any other employees aside from each other. Martinez Aff. ¶ 11; Gil Aff. ¶ 9. Therefore, even if there was a policy of arbitrating labor matters, it would not apply to either plaintiff. Martinez Aff. ¶ 12; Gil Aff. ¶ 10.

Plaintiffs Martinez and Gil did not know what arbitration was until it was explained to them by their attorney. Martinez Aff. ¶ 6; Gil Aff. ¶ 6. Additionally, the Plaintiffs' attorney needed to explain that the Defendants are claiming that Plaintiffs agreed to arbitrate all of their labor disputes. Martinez Aff. ¶ 5; Gil Aff. ¶ 5. Neither Plaintiff was informed of any policy requiring arbitration of any matters relating to their employment when they began to work for the Defendants. Martinez Aff. ¶ 8; Gil Aff. ¶ 7. Additionally, neither Plaintiff is aware of anyone whom the Defendants have entered into arbitration with. Martinez Aff. ¶ 9; Gil Aff. ¶ 8.

Plaintiff Martinez did not sign an agreement to arbitrate any disputes with the Defendants at any time. Martinez Aff. ¶ 7. At no point in time was Plaintiff Martinez presented with or given a copy of any agreement to arbitrate. Martinez Aff. ¶ 8. Plaintiff was never aware of or notified of an arbitration policy at the Highline Ballroom. Martinez Aff. ¶ 9. Plaintiff Martinez never agreed to arbitrate any disputes with Defendants. Martinez Aff. ¶ 7.

When Plaintiff Gil began his employment he was presented with two forms, but no documents were attached to these forms. Gil Aff. ¶ 11. These forms were not explained to Plaintiff Gil, but he was told that he needed to sign the forms. *Id*. The first form is entitled "Employee Acknowledgement Form," and it contained no page number, nor was it attached to any other document. Gil Aff. ¶ 12. The second form is entitled "Acknowledgement of Receipt of Employee Handbook." Gil Aff. ¶ 13. Although the "Acknowledgement of Receipt of Employee Handbook" is numbered page 5, it was presented to Plaintiff Gil as one individual form. *Id*.

Plaintiff Gil also recently learned that the employee handbook is 29 pages long, and that page 5 of this handbook, entitled "Acknowledgement of Receipt of Employee Handbook" comprises the first page of the handbook after the table of contents. Gil Aff. ¶ 14.

Nobody presented Plaintiff Gil with an agreement to arbitrate employment matters, and nobody explained to him that there was a policy of arbitration at the company he worked for. Gil Aff. ¶ 15-16. Accordingly, Plaintiff Gil did not enter into an arbitration agreement with the Defendants. Gil Aff. ¶ 17. This assertion is bolstered by the fact that the forms signed by Plaintiff Gil did not contain any terms of the alleged agreement to arbitrate. Gil Aff. ¶ 18. Plaintiff Gil believes he should not legally be held to have entered into an arbitration agreement which was not part of either of the two documents that he signed. Gil Aff. ¶ 19.

Both Plaintiffs Martinez and Gil are seeking justice, and are very sad that the Defendants are attempting to take away their legal rights by claiming that they agreed to arbitrate when they did not. Martinez Aff. ¶ 13; Gil Aff. ¶ 20.

## ARGUMENT

### I. THERE IS NO VALID AGREEMENT BETWEEN PLAINTIFFS AND DEFENDANTS TO ARBITRATE EMPLOYMENT CLAIMS

When evaluating the validity of an agreement to arbitrate, courts apply principles of state-law regarding contract formation. *Manigault v. Macy's East, LLC*, 2009 WL 765006, at **1 (2d Cir.2009) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). To determine the existence of a valid and enforceable contract, courts look for the following elements: 1) offer; 2) acceptance of the offer; 3) consideration; 4) mutual assent regarding all the essential terms of the agreement; and 5) intent to be bound. *Register.Com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004). An offer demonstrates one's willingness to enter into a bargain, and

is evaluated based on an objective reasonable person standard. *Augstein v. Leslie*, 2012 WL 4928914, at *2 (S.D.N.Y. 2012); *Leonard v. Pepsico, Inc.*, 88 F. Supp. 2d 116, 127 (S.D.N.Y. 1999). Contracts also require bargained-for consideration, or in other words an exchange of promises. *Thales Alenia Space Fr. v Thermo Funding Co*, 2014 WL 3887711, at *57-58 (S.D.N.Y 2014). Finally, mutual assent with an intent to be bound ensures that parties agree on material terms and expect to be held to the agreement. *See Scheinmann v. Dykstra*, 2017 WL 1422972, at *3 (S.D.N.Y. 2017).

In the present case, the most basic elements of contract formation are missing. The first element of a contract is an offer. *Register.Com, Inc.*, 356 F3d at 427. Plaintiffs were not presented with a physical arbitration agreement, nor were they verbally notified of an arbitration agreement. Martinez Aff. ¶ 8; Gil Aff. ¶ 17. Therefore Defendants never presented an offer to enter into an agreement with the Plaintiffs. *Pepsico*, 88 F. Supp. 2d at 127; Martinez Aff. ¶ 8; Gil Aff. ¶ 17. Without an offer, there cannot be acceptance of an offer since no willingness to enter into a bargain has been demonstrated. *See Augustein*, 2012 WL 4928914 at *2. Additionally, if both Plaintiffs were both unaware of any arbitration policies or agreements, then consideration was absent as well, since Plaintiffs were not informed that they were receiving anything of value. *Thales Alenia Space Fr.*, WL 3887711 at *57-58; Martinez Aff. ¶ 9; Gil Aff. ¶ 7.

Mutual assent is missing from the alleged agreement to arbitrate as well. Plaintiff Martinez never signed an arbitration agreement, nor was he ever presented with or given a copy of an arbitration agreement. Martinez Aff. ¶ 7-8. Accordingly, Plaintiff Martinez was not capable of agreeing to the material terms of the purported arbitration agreement. *See Scheinmann*, WL 1422972 at *3.

Plaintiff Gil did sign two documents, but the material terms of the alleged arbitration agreement were absent from the signed documents. Gil Aff. ¶ 11-13, 18-19. Additionally, Plaintiff Gil was never provided with an arbitration agreement. Gil Aff. ¶ 15. As a result, Plaintiff Gil was also not able to agree to the material terms of the purported arbitration agreement. *See Scheinmann*, WL 1422972 at *3. Without mutual assent regarding all essential terms, neither Plaintiff could have intended to be bound to the essential terms of the arbitration agreement. *See id.*

## II.  PLAINTIFFS DID NOT SIGN AN ARBITRATION AGREEMENT, NOR DID THEY ASSENT TO AN UNSIGNED ARBITRATION AGREEMENT

Under New York law, compelled arbitration requires a "clear, explicit and unequivocal agreement to arbitrate," which generally is demonstrated by an agreement in writing. *Manigault*, WL 765006 at *2. Additionally, an agreement to arbitrate is typically demonstrated by signature of the party entering into the agreement. *Sarhank Group v. Oracle Corp*, 404 F3d 657, 662 (2d Cir. 2005). In the absence of a signature, an arbitration agreement will only be enforced when there is additional proof that the parties in fact agreed to arbitrate. *Crawford v. Merill Lynch, Pierce, Fenner& Smith, Inc.*, 35 N.Y. 2d 291, 299 (1974). In line with general contract principles, a long-standing relationship, equal bargaining power, and an assumption of the obligation to arbitrate demonstrate assent to an unsigned arbitration agreement. *See Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987); *Gonzalez v. Toscorp Inc.*, 1999 WL 595632, at *2 (S.D.N.Y. 1999).

In the case of Plaintiff Martinez, there was no "clear, explicit and unequivocal agreement in writing to arbitrate." *Manigault*, WL 765006 at *2. Plaintiff Martinez was not presented with a

5

written agreement, nor did he sign any agreement to arbitrate. *See Sarhank Group*, 404 F3d at 662; Martinez Aff. ¶ 7-8.

Furthermore, Plaintiff Martinez did not know what arbitration is until it was explained to him by his attorney, was not informed of or aware of a policy requiring arbitration of employment matters, and does not know of anyone whom the Defendants have entered into arbitration with. Martinez Aff. ¶ 6, 9-10. Since there is no written agreement to arbitrate signed by Plaintiff Martinez, the alleged arbitration agreement will only be enforced if there is additional proof that the parties in fact agreed to arbitrate. *Crawford*, 35 N.Y. 2d at 299.

Similarly, for Plaintiff Gil, a "clear, explicit and unequivocal agreement to arbitrate" in writing does not exist. *Manigault*, WL 765006 at *2. Concededly, Plaintiff Gil did sign two forms when he began employment with the Defendants, however those two forms were not attached to an arbitration agreement. Gil Aff. ¶ 11. Therefore the signed documents are not valid arbitration agreements themselves, and Plaintiff Gil was not provided with a copy of the alleged arbitration presented by Defendants. *See Scheinmann*, WL 1422972 at *3; Gil Aff. ¶ 11-13, 18-19.

The only evidence the Defendants have presented to show there is a policy of arbitrating employment disputes is their self-serving affidavits which by themselves are insufficient evidence to meet their burden. Bensusan Aff. Furthermore, there is no evidence presented that demonstrates the Defendants have ever arbitrated any matter in the past, or that there is a company policy to arbitrate employment disputes. Martinez Aff. ¶ 9, 10; Gil Aff. ¶ 7, 8, 16.

Additionally, Plaintiffs Martinez and Gil were not treated like the other employees in that they were paid in cash, their hours were not recorded, they were never presented with wage

statements or wage notices, and they did not have contact with other employees aside from each other. Martinez Aff. ¶ 11; Gil Aff. ¶ 9.

Therefore, even if there was a policy of arbitration, the Plaintiffs would not be subjected to that policy. Without additional evidence that Defendants followed a policy of arbitrating decisions, their argument fails. *Crawford*, 35 N.Y. 2d at 299.

### III. THE DEFENDANTS FAILED TO PROFFER A VALID ARBITRATION AGREEMENT AND DO NOT MEET THEIR BURDEN IN PROVING SUCH AN AGREEMENT EXISTS BY PROVIDING A SAMPLE ARBITRATION AGREEMENT

The Second Circuit has expressly declined to enforce agreements when unrelated signature pages are attached to new contracts. *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 83 (2d Cir. 1985) (explaining that one cannot "switch signature pages and then attempt to pass off the new document as ... a fully executed, binding agreement."); *Valsana, S.A. v. Merrill Lynch, Pierce, Fenner& Smith, Inc.*, 1987 WL 6908, at *2 (S.D.N.Y 1987) (holding that the court will not "patch together" an unsigned arbitration agreement with a discrete signature page); *Dreyfuss v. eTelecare Global Sols.-US, Inc.*, 2008 WL 4974864, at *6 (S.D.N.Y. 2008). New York courts consistently hold that a party fails prove the existence of an arbitration agreement when they do not produce a complete copy of the agreement. *Dreyfuss*, WL 4974864 at *7 (holding that there is no arbitration agreement where a Defendant "fail[s] to produce a complete copy"); *Valsana*, WL 6908 at *2.

In the instant case, the Defendants have not produced a complete copy of the agreement, but rather they have provided an example of what they allege to have been the agreement entered into by the Plaintiffs. Plaintiff Martinez affirmed that he was never presented with, nor did he

7

signed the example presented by Defendants. Martinez Aff. ¶ 7-8. Defendants have failed to proffer any evidence to the contrary. With regard to Plaintiff Gil, the Defendants have produced two separate signature pages that are not a part of the example. Gil Aff. ¶ 11-13.

One of the signature pages does not contain a page number, and is clearly not part of the example proffered by Defendants. The second signature page signed by Plaintiff Gil does not align with the numbering in the employee handbook proffered by the Defendants as an example. This Court has explicitly declined to attach a lone signature to an unsigned arbitration agreement. *Dreyfuss*, WL 4974864 at *6. Just like in *Winston*, the Defendants here should not be allowed to "switch signature pages and then attempt to pass off the new document as ... a fully executed, binding agreement." 777 F.2d at 83; Gil Aff. ¶ 11-13, 17-19.

## **CONCLUSION**

For the above reasons, this Court should deny the Motion to Compel Arbitration and allow the Plaintiffs' claims to proceed to trial.


Dated: June 20, 2019
      New York, New York

Respectfully Submitted,

/s/ Brett Schatz
_____
Brett M. Schatz Esq.
Law Office of Brett M. Schatz, P.C.
1345 Avenue of Americas
Second Floor
New York, NY 10105
Tel: (212) 631-7463
Fax: (646) 786-3325
Email: bschatz@bmsfirm.com
*Attorney for Plaintiffs*